(86 Misc. Rep. 558)

FIRST NAT. BANK OF CITY OF BROOKLYN v. LAFAYETTE TRUST
CO. et al.

(Supreme Court, Special Term, Kings County.   July, 1914.)

BANKS AND BANKING (§ 77*)—INSOLVENCY—ACTIONS—COSTS—ALLOWANCE
OF ATTORNEY'S FEES.

Under Banking Law (Consol. Laws, c. 2) § 19, providing that compensation to the superintendent of banks shall be approved by the court and paid out of the funds of the corporation in liquidation, where plaintiff and defendant, financial institutions which had lost through their transactions with a person who was an official in both, became involved in litigation, which was difficult and extraordinary, in view of the condition of the defendant trust company and of the dividends already paid its depositors, it was proper that the compensation of counsel for the successful defendants should be shared by plaintiff, and not all come out of the defunct corporation.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 165–176½;  Dec. Dig. § 77.*]

Action by the First National Bank of the City of Brooklyn against the Lafayette Trust Company and another.   On motion by defendants for extra allowance.   Motion granted.

See, also, 85 Misc. Rep. 341, 148 N. Y. Supp. 491.

Robert H. Wilson, of Brooklyn, for plaintiff.

Frank M. Patterson, of New York City, for defendants.

CRANE, J.   My first inclination in this case was to grant no allowance, and for the following reasons:

The parties to the suit are financial institutions which had sustained heavy loss through the transactions of the senior Jenkins, who was an officer in both.   It was right that each should make every effort to recover this loss for the benefit of depositors and stockholders.   The First National Bank was as much justified in taking an assignment of the mortgage in question and seeking to obtain its possession as the Lafayette Trust Company was in endeavoring to hold on to it.   Both were seeking property of Jenkins to cover his liabilities.   Whether the First National Bank was entitled to the mortgage was not an easy question to determine, and Mr. Wilson, its attorney, acted wisely in submitting all the facts to the court and pressing home every point in his client's favor.   This was the only course the bank could have taken without being derelict in its duty to its depositors and stockholders.   I did not think, therefore, on first consideration, that there should be an additional allowance in the way of costs; that each party should bear its own expense in a litigation which was unavoidable.

However, upon reading again the Banking Law (section 19), I find that the compensation of the counsel to the superintendent of banks shall be approved by the court and paid out of the funds of the corporation in liquidation.   In view of the condition of the assets of the Lafayette Trust Company and the dividends heretofore paid its depositors, it seems to be just that all of the counsel's compensa-

tion should not come out of the defunct institution, but should be shared by the unsuccessful party. The case was an extraordinary and difficult one, and so very ably presented by Mr. Wilson that it was not easy to answer all his propositions without study and thought. Some of them were debatable.

For the reason thus stated, and that alone, I will grant an extra allowance of $1,000.

Motion granted.